UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| METROPOLITAN GROUP PROPERTY AND CASUALTY INSURANCE COMPANY, <br><br>        Plaintiff, <br><br>  v. <br><br>AUSTIN FITE, et al., <br><br>        Defendants. | CASE NO. C20-5697 BHS <br><br>ORDER GRANTING PLAINTIFF'S MOTION TO CONSOLIDATE AND WITHDRAWING REFERRAL |
|---|---|

This matter comes before the Court on Plaintiff Metropolitan Group Property and Casualty Insurance Company's ("MetLife") motion to consolidate. Dkt. 8. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I.   PROCEDURAL AND FACTUAL BACKGROUND**

On July 9, 2020, Defendant Austin Fite ("Fite") filed a complaint against MetLife in Pierce County Superior Court for the State of Washington. Cause No. 20-5819-BHS-MAT, Dkt. 9-4. Fite alleged (1) damages from a motor vehicle/pedestrian accident, (2) that his parents, Tina and Brian Fite, had a policy with MetLife, (3) that he submitted a

1  claim under his parents' policy, and (4) that MetLife denied the claim. *Id.* Fite asserted

2  claims for breach of contract and extra-contractual violations. *Id.*  On July 13, 2020, Fite

3  filed an amended complaint adding additional extra-contractual claims. *Id.*, Dkt. 1-1.

4       On July 17, 2020, MetLife filed the complaint in this action seeking declaratory

5  relief that it owes no duty to indemnify Fite. Dkt. 1.

6       On August 13, 2020, MetLife removed Fite's complaint to this Court. Cause No.

7  20-5819-BHS-MAT, Dkt. 1. The case was originally assigned to Magistrate Judge Mary

8  Alice Theiler, but the parties did not consent to the assignment. *Id.*, Dkts. 4, 8. The

9  Court then assigned the case to the undersigned and automatically referred it to Judge

10  Theiler. *Id.*, Dkt. 8.

11       On October 1, 2020, MetLife filed the instant motion seeking to consolidate the

12  two cases. Dkt. 8. On October 15, 2020, Fite responded. Dkt. 9. On October 23, 2020,

13  MetLife replied. Dkt. 13.

14                 **II.  DISCUSSION**

15       "If actions before the court involve a common question of law or fact, the court

16  may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). In determining whether to

17  consolidate, a court "weighs the saving of time and effort consolidation would produce

18  against any inconvenience, delay, or expense that it would cause." *Huene v. United*

19  *States*, 743 F.2d 703, 704 (9th Cir. 1984).

20       In this case, MetLife moves to consolidate the two cases arguing that there is

21  considerable overlap in the two cases. The Court agrees because Fite's breach of contract

22  claim and MetLife's declaratory relief claim are identical. Although Fite disagrees that

the maters are similar, he fails to provide any argument to support his position. Dkt. 9 at 3. Instead, he argues that the cases should be consolidated under Judge Theiler under the first-to-file rule and to prevent improper judge shopping. *Id.* at 4–5. Fite's concerns stem from a misunderstanding about the automatic referral to Judge Theiler. Even though a matter is referred, the undersigned must review any challenged order the referral judge issues. *See* Fed. R. Civ. P. 72. Thus, the only question before the Court is whether the Court should refer both matters or withdraw the referral before consolidating. Upon review of the record, the Court will withdraw the referral in Cause No. 20-5819-BHS-MAT and consolidate.

### III.  ORDER

Therefore, it is hereby **ORDERED** that MetLife's motion to consolidate, Dkt. 8, is **GRANTED**. The Clerk shall withdraw the referral in Cause No. 20-5819-BHS-MAT, consolidate the two cases into this action, which is the lower numbered case, and close Cause No. 20-5819-BHS-MAT. The parties shall update the caption to reflect the consolidated actions and file all further documents for either case in this action.

Dated this 10th day of November, 2020.

BENJAMIN H. SETTLE
United States District Judge